# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMMED ALI AL-AWADHI,

        Plaintiff/Counterdefendant-
        Appellee,

v

MELISSA SUE AL-AWADHI,

        Defendant/Counterplaintiff-
        Appellant.

UNPUBLISHED
May 21, 2015

No. 322727
Washtenaw Circuit Court
LC No. 13-001205

AFTER REMAND

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

We previously remanded this matter to the trial court to remedy holes in its analysis that rendered complete appellate review impossible. *Al-Awadhi v Al-Awadhi*, unpublished opinion of the Court of Appeals, issued January 27, 2015 (Docket No. 322727) (*Al-Awadhi I*). The trial court has complied with this Court's order. We now hold that the trial court did not err in awarding the parties' joint legal custody of their minor son or in granting plaintiff-father increasing parenting time on a graduated schedule. We affirm.

## I. JOINT LEGAL CUSTODY

In *Al-Awadhi I*, unpub op at 6, we determined that the trial court failed to make a prerequisite finding before ruling on plaintiff-father's bid for joint legal custody: the established custodial environment of the child. On remand, the trial court considered the evidence and determined that the child had an established custodial environment for legal custody purposes with his mother alone. This was a question of fact that we review to determine if it was against the great weight of the evidence. See *Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014). The great weight of the record evidence supports the trial court's conclusion in this regard.

The existence of an established custodial environment with the mother alone imposed a higher burden of proof on plaintiff-father, as correctly noted by the trial court. Plaintiff-father was required to establish " 'clear and convincing evidence that [a change in this environment] is

-1-

in the best interest of the child.' " *Id.* at 540, quoting MCL 722.27(1)(c). The trial court correctly described plaintiff-father's burden of proof in this regard.

In *Al-Awadhi I*, unpub op at 6-7, we concluded that the trial court "failed to adequately consider and make specific findings on the record in relation to the various factors affecting its joint legal custody decision," including those factors in MCL 722.26a(1) and the best-interest factors affecting custody in MCL 722.23. Considering the trial court's initial analysis in conjunction with its additional analysis on remand, we hold that the court adequately supported its decision to award joint legal custody to the parties. Moreover, the trial court specifically stated that its decision to award joint legal custody was based on defendant-mother's purposeful obstruction of plaintiff-father's relationship with his son. The court discounted defendant-mother's description of plaintiff as an absentee father given the marital agreement that plaintiff-father had to focus his energies on his education and become a licensed physician for the good of the family. After reviewing the best-interest factors, the court also determined that it was in the child's interest to have his father play a role in making major life decisions for him.

## II. PARENTING TIME

In *Al-Awadhi I*, unpub op at 8, we held that the trial court engaged in an incomplete analysis of the factors affecting its parenting-time decision. On remand, the court considered the factors outlined in MCL 722.21 and tied its conclusions to its consideration of the best-interest factors of MCL 722.23. Of import, the court took into consideration the child's special needs, the impact of interstate travel on the child, and defendant-mother's obstruction and control over plaintiff-father's parenting time in the past. Consistent with the parties' evidence that the child would require an adjustment period, the court ordered a week of supervised parenting time in Michigan to precede a week of unsupervised parenting time in Michigan and then a 10-day unsupervised parenting-time session in Pennsylvania. Extended parenting time between father and child will not begin until the summer of 2016.

Ultimately, the trial court has fully complied with our earlier opinion and order and engaged in a complete analysis on the record. A review of the complete record supports the trial court's decisions to award joint legal custody to the parties and increased parenting time to plaintiff-father.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause

-2-